Matter of Jones v Chedeville, Inc. (2020 NY Slip Op 00200)





Matter of Jones v Chedeville, Inc.


2020 NY Slip Op 00200


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

528955

[*1]In the Matter of the Claim of Kanica Jones, Appellant,
v
Chedeville, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: December 18, 2019

Before: Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.


John F. Clennan, Ronkonkoma, for appellant.
Goldberg Segalla, LLP, Buffalo (Cory A. DeCresenza of counsel), for Chedeville, Inc. and another, respondents.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed October 29, 2018, which ruled, among other things, that claimant failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant has an established claim for injuries to her neck, left shoulder and thoracic spine and for depression and posttraumatic headaches stemming from a November 2016 work-related accident, and she was awarded workers' compensation benefits. After numerous doctors were deposed, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised the issue of fraud under Workers' Compensation Law § 114-a at a March 2018 hearing. Following a further hearing, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, amended the claim to include postconcussion syndrome and authorized medical treatment for the established claims. The WCLJ further ruled that claimant's stuttering condition was not causally related to and preexisted the accident, and that claimant had intentionally made false representations to several doctors denying that this condition predated her accident for the purpose of influencing future compensation payments. Consequently, the WCLJ disqualified her from receiving future compensation pursuant to Workers' Compensation Law § 114-a (1). Counsel for claimant filed an application for Board review using form RB-89, challenging the WCLJ's findings regarding stuttering and fraud. Under question number 15, which requires the applicant to "[s]pecify the objection or exception interposed to the ruling and when it was interposed," counsel responded, "Objection made at hearing." Claimant also filed a notarized pro se correspondence with attached documentation on June 29, 2018, which was not on an RB form, seeking reversal of the fraud and stuttering ruling. Following receipt of the carrier's rebuttal, the Workers' Compensation Board denied claimant's application for Board review based upon the failure to properly complete question number 15. The Board also denied claimant's pro se application, to the extent that it sought Board review, based upon the fact that it was not submitted in the proper format and was untimely. This appeal by claimant followed.
We affirm. Claimant argues that counsel's response to question number 15 was sufficient to satisfy 12 NYCRR 300.13 (b) and that, since no prejudice was shown, the Board abused its discretion in denying the application for review. We disagree. As relevant here, the governing rules require that, for a represented appellant such as claimant, "[t]he application shall be in the format as prescribed by the Chair" and "must be filled out completely" (12 NYCRR 300.13 [b] [1]). The Chair of the Board prescribed in 2017 that completion of an application for Board review means that "each section or item of [the application or rebuttal] is completed in its entirety pursuant to the instructions for each form," and advised that a form is not filled out completely "when a party responds to sections or items on the form merely by referring to the attached legal brief or other documentation without further explanation" (Workers' Comp Bd Release Subject No. 046-940; see Matter of Perry v Main Bros. Oil Co., 174 AD3d 1257, 1258 [2019]). The relevant instructions also directed that, with respect to question number 15, the applicant must "[s]pecify the objection or exception that was interposed to the ruling, and when [it] was interposed as required by 12 NYCRR 300.13 (b) (2) (ii)" (Workers' Comp Bd RB-89 Instructions [Sept. 2016] [emphasis added]).[FN1] The rationale for the "completeness doctrine" is that a complete application "assists the responding party in identifying the exact issues, grounds and evidence used in support of the application in determining the issues and crafting a timely and effective rebuttal"; it "also assists the Board in providing timely and effective review of the application . . . as it eliminates confusion over which evidence is involved in the application and which issues are preserved for appeal" (Workers' Comp Bd, Office of General Counsel, Guidance Document on the Proper Application of Board Rule 300.13 at 1; see Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1012-1013 [2019], lv denied ___ NY3d ___ [Dec. 19, 2019]; Matter of Perry v Main Bros. Oil Co., 174 AD3d at 1259).
The record reflects that claimant's application for review was not filled out completely with regard to the response to question number 15. Claimant's vague response specified neither the nature of the objection interposed nor when and where it was made, i.e., at which of the hearings or proceedings. We have recognized the reasonableness of the Board's format and completeness requirements (see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019]; Matter of Perry v Main Bros. Oil Co., 174 AD3d at 1259; Matter of Jones v Human Resources Admin., 174 AD3d at 1012-1013) and, contrary to claimant's contention, given the dual rationale for the completeness requirement, prejudice need not be demonstrated. As claimant's response did not comply with the relevant instructions and guidance or satisfy 12 NYCRR 300.13 (b) (1) and (2) (ii), we find that the Board acted within its discretion when it denied claimant's form RB-89 application for review. Accordingly, we discern no basis upon which to disturb the Board's decision in this regard (see 12 NYCRR 300.13 [b] [4]).
We likewise find that the Board acted within its discretion in treating claimant's pro se correspondence as an application for Board review of the WCLJ's decision, which was not on the proper form RB-89, a requirement that applied given that claimant was represented by counsel (see 12 NYCRR 300.13 [b] [1]). Moreover, claimant's correspondence, which sought review of the May 15, 2016 WCLJ decision, was not filed until June 29, 2018 and, thus, was untimely, as it was not "filed with the [B]oard within [30] days" after the decision was filed (12 NYCRR 300.13 [b] [3] [i]). Her present claim that the correspondence should have been treated as a rebuttal of her counsel's application for Board review lacks merit, as the correspondence contains nothing to indicate that it was a rebuttal. Further, claimant was not "a party adverse to [her counsel's] application for [Board] review" but, rather, raised claims consistent with counsel's application and, thus, it did not constitute a rebuttal (12 NYCRR 300.13 [c]). Claimant's remaining contentions have been considered and, to the extent that they are preserved, found to be without merit.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Subsequent to the Board's decision here, the instructions were modified in 2018, as relevant to question number 15, to make clear that "the date when the objection or exception was interposed" must be specified and that, "[i]f the objection or exception was interposed at a hearing, the date of the hearing at which [it] was interposed must be stated" and "[i]f [it] were interposed at a proceeding occurring off-calendar, the date of the off-calendar proceeding must be stated" (Workers' Comp Bd RB-89 Instructions [Nov. 2018]; see Workers' Comp Bd Release Subject No. 046-1119). While this clarification is helpful, we find that the 2016 instructions were sufficiently clear in requiring that the applicant specify what objection or exception was interposed and when/where it was made, as required by 12 NYCRR 300.13 (b) (2) (ii).