Matter of Parrales v New York Popular, Inc. (2020 NY Slip Op 00655)





Matter of Parrales v New York Popular, Inc.


2020 NY Slip Op 00655


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

528823

[*1]In the Matter of the Claim of Isaura Parrales, Appellant,
v
New York Popular, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: January 15, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Ginarte Gallardo Gonzalez Winograd, LLP, New York City (Joel Celso of counsel), for appellant.
Law Offices of Paul M. Holstein, New York City (Sarah L. Baia of counsel), for New York Popular, Inc. and another, respondents.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



Lynch, J.P.
Appeal from a decision of the Workers' Compensation Board, filed August 28, 2018, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) (2) (ii) and denied review of a decision by a Workers' Compensation Law Judge.
Claimant suffered work-related injuries to both knees in 2014 and her claim for workers' compensation benefits was established. The claim was amended in 2016 to include a consequential back injury. In April 2018, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant with a permanent partial disability of the back and knees with a 30% loss of wage-earning capacity and found that she was capable of sedentary work. The WCLJ also found that claimant was not currently entitled to wage loss benefits based upon a lack of attachment to the labor market. In May 2018, claimant's counsel filed an application with the Workers' Compensation Board seeking review of the WCLJ's decision (form RB-89). The Board denied the application, finding that it was not filled out completely as required by 12 NYCRR 300.13 (b) (ii), and claimant appeals.
We affirm. Pursuant to the Board's regulations, "[u]nless submitted by an unrepresented claimant, an application to the Board for administrative review of a [WCLJ's] decision . . . shall be in the format as prescribed by the Chair," and such application "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]). As relevant here, "an application for administrative review . . . shall specify the issues and grounds for the appeal" (12 NYCRR 300.13 [b] [2] [i]) and "shall specify the objection or exception that was interposed to the ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]).
On claimant's application for Board review (form RB-89), question number 15 required that claimant "[s]pecify the objection or exception interposed to the ruling and when it was interposed as required by 12 NYCRR 300.13 (b) (2) (ii)." In response, claimant answered, "Exception noted at 4/12/18 hearing," without specifying the exception being referenced.[FN1] By not identifying a specific exception to a finding made by the WCLJ in her response to question number 15, claimant failed to completely fill out the application for Board review in violation of the prescribed completion requirements (see 12 NYCRR 300.13 [b] [1]; [2] [ii]; Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [2019]; Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1198 [2019]). As such, we find that the Board acted within its discretion in denying claimant's application for Board review, and its decision will not be disturbed (see Matter of Williams v Village of Copenhagen, 175 AD3d 1745, 1748 [2019]; Matter of Presida v Health Quest Sys., Inc., 174 AD3d at 1198).
Clark, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The record reflects that claimant interposed more than one exception to findings made by the WCLJ at the hearing in question.