Matter of Cotter v Town of W. Seneca (2020 NY Slip Op 00898)





Matter of Cotter v Town of W. Seneca


2020 NY Slip Op 00898


Decided on February 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 6, 2020

528581

[*1]In the Matter of the Claim of Richard Cotter, Claimant,
v
Town of West Seneca et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: January 17, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Colangelo, JJ.


Williams & Williams, Buffalo (Jared L. Garlipp of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed August 7, 2018, which ruled that the employer failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant, a patrol lieutenant with the employer's police department, sustained work-related injuries to his left knee in May 2008. After claimant returned to work in April 2009, the employer sought reimbursement for wages advanced to claimant during his period of disability (see General Municipal Law § 207-c). Various proceedings ensued and, in December 2009, a Workers' Compensation Law Judge (hereinafter WCLJ) determined, among other things, that claimant had a 40% schedule loss of use of his left leg and directed that the employer be reimbursed in full for wages paid to claimant. Claimant eventually retired from his employment and, in 2016, underwent a total left knee replacement, prompting further proceedings as to whether there had been an increase in claimant's schedule loss of use of his left leg.
At a January 2018 hearing, the employer and its third-party administrator accepted a 15% increase in claimant's schedule loss of use (subject to apportionment), and a discussion ensued regarding the employer's entitlement to further reimbursement. The WCLJ denied the employer's request, effectively finding that the employer failed to substantiate its claim for additional reimbursement, to which counsel for the employer noted his "exception." The Workers' Compensation Board denied the employer's subsequent application for review of the WCLJ's decision, ruling that such application was not filled out completely. This appeal ensued.
We affirm. The Board's authority to "adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law" is well established, as is the authority of the Board's Chair to "make reasonable regulations consistent with the provisions" of the statutory framework (Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019] [internal quotation marks and citations omitted]; see Matter of Williams v Village of Copenhagen, 175 AD3d 1745, 1746 [2019]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]). Where a party seeks review of a WCLJ's decision, such application "shall be in the format as prescribed by the Chair" and "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d at 1282; Matter of Williams v Village of Copenhagen, 175 AD3d at 1747-1748; Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]). Notably, a form such as the RB-89 form at issue here will not be deemed to be complete "when a party responds to sections or items on the form merely by referring to the attached legal brief or other documentation without further explanation" (Matter of Jones v Human Resources Admin., 174 AD3d at 1012 [internal quotation marks and citation omitted]; accord Matter of Perry v Main Bros Oil Co., 174 AD3d at 1258) "or where critical items are left blank" (Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1755 [2019] [internal quotation marks and citation omitted]).
The relevant regulation and the accompanying instructions then in effect required the employer — in responding to question number 15 on form RB-89 — to both "specify the objection or exception that was interposed to the [WCLJ's] ruling and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]; Workers' Comp Bd, Instructions for Completing RB-89 [Sept. 2016]). Neither requirement was satisfied here. In response to question number 15, the employer merely indicated that its objection was "[o]n record"; no specific objection or exception was set forth on the form, nor was there any indication as to when any such objection or exception was made. Although the employer argues that it specified the basis for its objections in the legal brief attached to its RB-89 form, such exposition does not cure the noted defects in the RB-89 form itself (see generally Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1197-1198 [2019]). As the employer failed to fulfill the dual requirements set forth in 12 NYCRR 300.13 (b) (2) (ii), the Board did not abuse its discretion in denying the employer's application for review (see 12 NYCRR 300.13 [b] [2], [4]; Matter of Jones v Chedeville, Inc., ___ AD3d ___, ___, 2020 NY Slip Op 00200, *1 [2020], Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249-1250 [2019]; Matter of Markolovic v MTA Bus Eastchester Depot, 174 AD3d 1271, 1272-1273 [2019]). The employer's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.