Matter of Charfauros v PTM Mgt. (2020 NY Slip Op 00902)





Matter of Charfauros v PTM Mgt.


2020 NY Slip Op 00902


Decided on February 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 6, 2020

529223

[*1]In the Matter of the Claim of Moses Charfauros, Claimant,
v
PTM Management et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: January 14, 2020

Before: Clark, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed November 2, 2018, which ruled, among other things, that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
By decision filed June 7, 2018, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had a permanent partial disability. The WCLJ further found that claimant had sustained a 71% loss of wage-earning capacity and directed certain payments. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed an application with the Workers' Compensation Board seeking review of the WCLJ's decision. The Board denied the carrier's application, finding that the carrier had provided an incomplete response to form RB-89 question number 15 by failing to specify when the noted objections were interposed as required by 12 NYCRR 300.13 (b) (2) (ii). This appeal by the carrier ensued.
We affirm. "As we have previously stated, the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions [there]of" (Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019] [internal quotation marks and citations omitted]; see Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]). To that end, "an application for Board review must be filled out completely in the format prescribed by the . . . Chair" (Matter of McCorry v BOCES of Clinton, Essex & Washington Counties, 175 AD3d 1754, 1755 [2019] [internal quotation marks, brackets and citations omitted]; see 12 NYCRR 300.13 [b] [1]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]) and "pursuant to the instructions for each form" (Matter of Perry v Main Bros Oil Co., 174 AD3d at 1258 [internal quotation marks and citation omitted]; see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d at 1282; Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1197 [2019]). Where, as here, "a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review" (Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]; see 12 NYCRR 300.13 [b] [4]; Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]).
Both the regulation itself and the instructions in effect at the time that the carrier filed its application for Board review unambiguously required the carrier to "specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]; Workers' Comp Bd RB-89 Instructions [Sept. 2016]).[FN1] Moreover, the form RB-89 completed by the carrier directed it to respond to question number 15 by both specifying its objections or exceptions and indicating when they were interposed. Although the carrier satisfied the first prong of the regulation by articulating specific objections to the WCLJ's rulings, it failed to satisfy the temporal element of the regulation by indicating when such objections were made. To the extent that the carrier argues that the temporal element of the regulation was sufficiently satisfied by referencing the date of the underlying WCLJ decision, which, in turn, was rendered following a specific hearing date, the regulation itself mandates that a party seeking Board review state "when" the identified objections/exceptions were interposed.[FN2] As the carrier failed to comply with the temporal requirement set forth in the regulation, the application for Board review was incomplete and the Board did not abuse its discretion in rejecting it (see 12 NYCRR 300.13 [b] [2] [ii]; [b] [4]). The carrier's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The Board modified its RB-89 instructions in November 2018 (after the carrier's application for Board review was filed) to, among other things, clarify that — in responding to question number 15 — a date must be provided for an objection/exception made at a hearing or off-calendar proceeding (see Workers' Comp Bd, Instructions for Completing RB-89 [Nov. 2018]).

Footnote 2: The need for such specificity is all the more apparent given that the carrier, in responding to RB-89 form question number 13 (setting forth the hearing dates, transcripts, documents, exhibits and other evidence relied upon), listed more than one item.