Matter of Rzeznik v Town of Warwick (2020 NY Slip Op 02702)





Matter of Rzeznik v Town of Warwick


2020 NY Slip Op 02702


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

529771

[*1]In the Matter of the Claim of Deborah Rzeznik, Claimant,
v
Town of Warwick et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: March 24, 2020

Before: Clark, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Cherry, Edson & Kelly, LLP, Tarrytown (Ralph E. Magnetti of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed January 28, 2019, which ruled, among other things, that the employer and its third-party administrator failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In September 2011, claimant, a bus driver, sustained work-related injuries to her back, and her subsequent claim for workers' compensation benefits was established. Following claimant's retirement on February 1, 2018, issues arose regarding whether such retirement was voluntary or causally related to her disability and, in turn, whether claimant needed to demonstrate attachment to the labor market. Following medical depositions and an additional hearing, a Workers' Compensation Law Judge, among other things, found that claimant's retirement was involuntary and directed that she produce proof of labor market attachment. Claimant sought administrative review from the Workers' Compensation Board, contending that she was not required to demonstrate labor market attachment under the circumstances, and the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) also sought Board review, arguing that claimant's retirement was voluntary and, therefore, that she was not entitled to awards after the effective date thereof. The Board addressed claimant's application for review on the merits, agreeing that she needed to demonstrate labor market attachment, and denied the employer's application for Board review, deeming the employer's response to question number 15 on that application to be incomplete. This appeal by the employer ensued.
We affirm. "As we have previously stated, the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions there of" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks, brackets and citations omitted]; see Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, 1123 [2020]). To that end, the Board's regulations provide that an "application to the Board for administrative review of a decision by a Workers' Compensation Law Judge shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Jones v Chedeville, Inc., 179 AD3d 1272, 1273 [2020]; Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1755 [2019]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]). "Where, as here, 'a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review'" (Matter of Charfauros v PTM Mgt., 180 AD3d at 1133, quoting Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]; see 12 NYCRR 300.13 [b] [4]; Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]).
The pertinent regulation, as well as the instructions in effect at the time that the employer filed its application for review, unambiguously required the employer to "specify the objection or exception that was interposed to the ruling [of the Workers' Compensation Law Judge], and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]; Workers' Comp Bd RB-89 Instructions [Jan. 2018]; see Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [2019]). In response to question number 15 on the application for Board review, the employer set forth the specific objection but, in answering when such objection was interposed, indicated "at the hearing on the record." As noted by the Board, because there were multiple hearings held in this matter, we cannot say that the Board abused its discretion in deeming the employer's response to question number 15 to be incomplete based upon its failure to specify when such objection was interposed in order to satisfy the temporal element of the regulation (see Matter of Cotter v Town of W. Seneca, 180 AD3d at 1124; Matter of Jones v Chedeville, Inc., 179 AD3d at 1274. Further, the fact that the date of the hearing at which the objection or exception was allegedly interposed appeared elsewhere on the application did not obviate the requirement for the employer to provide a complete response to question number 15, as the Board was not required to deduce when the employer's objection or exception was interposed (see Matter of Charfauros v PTM Management, 180 AD3d at 1134; Matter of Cotter v Town of W. Seneca, 180 AD3d at 1124; Matter of Angarano v Crucible Materials Corp., 179 AD3d 1277, 1279 [2020]; Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1198 [2019]). The employer's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.