Matter of Wanamaker v Staten Is. Zoological Socy. (2020 NY Slip Op 03160)





Matter of Wanamaker v Staten Is. Zoological Socy.


2020 NY Slip Op 03160


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

529351

[*1]In the Matter of the Claim of Diane Wanamaker, Claimant,
v
Staten Island Zoological Society et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: May 18, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Tanisha Edwards, State Insurance Fund, New York City (Rudolph Rosa Di Sant of counsel) for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed December 3, 2018, which ruled that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In March 2014, claimant, a zookeeper at an animal hospital, filed a claim for workers' compensation benefits alleging that she sustained work-related injuries when she was struck in the forehead by a bird while cleaning animal cages. Her claim was subsequently established for a forehead laceration and postconcussion syndrome. In January 2017, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, classified claimant with a permanent partial disability and found that claimant had sustained a 61% loss of wage-earning capacity. The employer subsequently raised the issue of whether claimant had violated Workers' Compensation Law § 114-a by misrepresenting her degree of disability. Following the submission of evidence and multiple hearings, the WCLJ found that there was insufficient evidence to establish that claimant violated Workers' Compensation Law § 114-a. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) subsequently filed an application for review by the Workers' Compensation Board (form RB-89) challenging the WCLJ's decision. In a December 2018 decision, the Board denied the carrier's application for Board review, finding that the application was not filled out completely as required by 12 NYCRR 300.13 (b). The carrier appeals.
We affirm. Contrary to the carrier's contentions, "[t]he Board's authority to adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law is well established, as is the authority of the Board's Chair to make reasonable regulations consistent with the provisions of the statutory framework" (Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, 1123 [2020] [internal quotation marks and citations omitted]; see Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020]; Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019]). To that end, the Board's regulations provide that an "application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Jones v Chedeville, Inc., 179 AD3d 1272, 1273 [2020]; Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1755 [2019]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]). "Where, as here, 'a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review'" (Matter of Charfauros v PTM Mgt., 180 AD3d at 1133, quoting Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]; see 12 NYCRR 300.13 [b] [4]; Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]).
At the time that the carrier filed its application for Board review, both the regulation itself, and the former instructions in effect at that time, unambiguously required an applicant to "specify the objection or exception that was interposed to the ruling [of the WCLJ], and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]; Workers' Comp Bd RB-89 Instructions [Jan. 2018]; see Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [2019]). In response to question number 15, the carrier identified its objection to the "finding of no [Workers' Compensation Law §] 114-a [violation], and to continuation of benefits past hearing," thus satisfying the first prong of the regulation (see 12 NYCRR 300.13 [b] [2] [ii]). The carrier's response to question number 15, however, failed to provide any temporal information. The response therefore did not comply with that part of the regulation requiring the carrier to state "when [its] objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]).[FN1] In view of the fact that multiple hearings had occurred in this case, as the Board noted, we cannot say that the Board abused its discretion in deeming the carrier's response to question number 15 to be incomplete (see 12 NYCRR 300.13 [b] [2] [ii]; Matter of Charfauros v PTM Mgt., 180 AD3d at 1134; Matter of Cotter v Town of W. Seneca, 180 AD3d at 1124; Matter of Jones v Chedeville, Inc., 179 AD3d at 1274). The carrier's remaining contentions, to the extent not specifically addressed or rendered academic by our decision, have been considered and found to be lacking in merit.
Garry, P.J., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The carrier's reliance on its responses to other questions in the application to remedy any defect is unavailing (see Matter of Currie v Rist Transp. Ltd., 181 AD3d 1121, 1123 [2020]).