Matter of Tineo v M D R J LLC (2020 NY Slip Op 03164)





Matter of Tineo v M D R J LLC


2020 NY Slip Op 03164


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

529770

[*1]In the Matter of the Claim of Juan Fernandez Tineo, Claimant,
v
M D R J LLC et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: May 19, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed January 17, 2019, which ruled that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In July 2017, claimant, a construction worker, filed a claim for workers' compensation benefits alleging that he sustained work-related injuries while cutting a piece of metal with a saw. His claim was subsequently established for injuries to his left index finger and later amended to include post-concussion headaches. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, found that claimant demonstrated attachment to the labor market and directed continuing awards at a temporary partial disability rate. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) subsequently filed an application for review by the Workers' Compensation Board (form RB-89) of the WCLJ's decision. In a January 2019 decision, the Board denied the carrier's application for Board review, finding that the application was not filled out completely as required by 12 NYCRR 300.13 (b). The carrier appeals.
We affirm. "As we have previously stated, the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks, brackets and citations omitted]; see Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, 1123 [2020]). To that end, the Board's regulations provide that an "application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Jones v Chedeville, Inc., 179 AD3d 1272, 1273 [2020]; Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1755 [2019]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]). "Where, as here, 'a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review'" (Matter of Charfauros v PTM Mgt., 180 AD3d at 1133, quoting Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]; see 12 NYCRR 300.13 [b] [4]; Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]).
At the time that the instant application for Board review was filed, both the regulation itself, and the former instructions in effect at that time, unambiguously required the employer to "specify the objection or exception that was interposed to the ruling [of the WCLJ], and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]; Workers' Comp Bd RB-89 Instructions [Jan. 2018]; see Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [2019]). In response to question number 15, the carrier identified its objections to the "finding of attachment, as well as [the WCLJ's] direction for continuing awards," thus satisfying the first prong of the regulation. The carrier's response to question number 15, however, did not specify when such objections or exceptions were interposed, as is required (see 12 NYCRR 300.13 [b] [2] [ii]). Given these circumstances, we cannot say that the Board abused its discretion in deeming the carrier's response to question number 15 to be incomplete based upon its failure to state when the objections or exceptions were interposed (see id.; Matter of Charfauros v PTM Mgt., 180 AD3d at 1134; Matter of Cotter v Town of W. Seneca, 180 AD3d at 1123-1124; Matter of Jones v Chedeville, Inc., 179 AD3d at 1274). The carrier's remaining contentions, to the extent not specifically addressed or rendered academic by our decision, have been considered and found to be lacking in merit.
Lynch, J.P., Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.