Matter of Demarco v Trans Care Ambulance (2020 NY Slip Op 04895)





Matter of Demarco v Trans Care Ambulance


2020 NY Slip Op 04895


Decided on September 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 3, 2020

528970

[*1]In the Matter of the Claim of Gina Demarco, Claimant,
v
Trans Care Ambulance et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: August 20, 2020

Before: Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed October 4, 2018, which ruled that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by a Workers' Compensation Law Judge.
In 2005, claimant injured her back and neck while working as an emergency medical technician. Following hearings before a Workers' Compensation Law Judge (hereinafter WCLJ), her claim was established and she was awarded payments based upon her classification as permanently partially disabled. At the request of the employer's workers' compensation carrier, the Workers' Compensation Board subsequently reopened the case to address the issue of claimant's labor market attachment. Following a November 2013 hearing, the WCLJ suspended benefits due to insufficient evidence of claimant's attachment to the labor market, but indicated that another hearing would be scheduled to consider this issue if claimant provided documentation of her efforts to find work. In July 2014, the WCLJ conducted another hearing at which claimant submitted the requested documentation. The WCLJ found, however, that the proof was insufficient and directed claimant to produce work search records for the entire period claimed. Claimant failed to do so.
In February 2018, claimant's counsel submitted a request for further action asserting, based on an amendment to Workers' Compensation Law § 15 (3) (w), that absent a ruling that claimant was voluntarily removed from the labor market, she was entitled to benefits at the time of classification, with awards to continue without having to produce evidence of labor market attachment. A hearing on this issue was conducted before the WCLJ in April 2018, and the case was continued. In May 2018, the WCLJ conducted another hearing on this issue and rendered a decision ruling, among other things, that claimant was entitled to receive benefits from the date of classification.
In June 2018, counsel for the employer and its carrier (hereinafter collectively referred to as the carrier) filed an application (form RB-89) seeking Board review of the WCLJ's decision on the basis that claimant was required to produce evidence of work search efforts in order to be entitled to benefits. The Board denied the application as incomplete because the carrier failed to specify, in the response to question number 15, the date of the hearing at which the objection was interposed, as required by 12 NYCRR 300.13 (b) (2) (ii). Consequently, the Board declined to review the merits of the WCLJ's decision. The carrier appeals.
We affirm. Initially, as we have previously acknowledged, "the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks, brackets and citations omitted], lv denied 35 NY3d 909 [2020]; see Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, 1123 [2020]). The governing regulations provide that, "[u]nless submitted by an unrepresented claimant, an application to the [B]oard for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair" and "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Jones v Chedeville, Inc., 179 AD3d 1272, 1273 [2020]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]). Notably, where "a party who is represented by counsel fails to comply with formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review" (Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]; see Matter of Fadul v Subcontracting Concepts, LLC, 182 AD3d 973, 974 [2020]; Matter of Charfauros v PTM Mgt., 180 AD3d at 1133).
Here, both the application (form RB-89) and the instructions in effect at the time that it was filed required the carrier to "specify the objection or exception that was interposed to the ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]; Workers' Comp Bd RB-89 Instructions [Jan. 2018]; see Matter of Wanamaker v Staten Is. Zoological Society, 184 AD3d 925, 927 [2020]; Matter of Simon v Mehadrin Prime, 184 AD3d 927, 929 [2020]). This information was to be supplied by the carrier in question number 15 of the application. In response to this question, the carrier stated, "Objections were noted during the course of the hearing and at the conclusion of the hearing regarding the [WCLJ's] finding that no additional development of the record was necessary on the issue of attachment to the labor market prior to directing awards based solely on the amendment to [s]ection 15 (3) (w) that took effect 04/10/17." Significantly, the carrier failed to identify the hearing at which the objection was raised, and the record discloses that there was more than one hearing at which claimant's labor market attachment was addressed. As the carrier failed to provide the temporal information required by the regulations, we cannot conclude that the Board abused its discretion in finding the application to be incomplete and declining to review the WCLJ's decision (see Matter of Tineo v M D R J LLC, 184 AD3d 933, 935 [2020]; Matter of Wanamaker v Staten Is. Zoological Society, 184 AD3d at 927; Matter of Simon v Prime, 184 AD3d at 929; Matter Fadul v Subcontracting Concepts, LLC, 182 AD3d at 974). The carrier's remaining contentions, to the extent not specifically addressed, have been considered and found to be lacking in merit.
Garry, P.J., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.