Matter of Griego v Mr Bult's, Inc. (2020 NY Slip Op 06831)





Matter of Griego v Mr Bult's, Inc.


2020 NY Slip Op 06831


Decided on November 19, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

530173

[*1]In the Matter of the Claim of Robert Griego, Respondent,
v
Mr Bult's, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: October 13, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Stockton, Barker & Mead, LLP, Troy (Matthew R. Mead of counsel), for appellants.
Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for Robert Griego, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Workers' Compensation Board, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed March 14, 2019, which ruled that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In September 2013, claimant, a truck driver, sustained injuries while changing a flat tire, and his subsequent claim for workers' compensation benefits was established, and later amended, for work-related injuries to his thoracic spine and neck, resulting in awards for periods of temporary partial and temporary total disability. During a June 2018 hearing to address permanency and the objections made by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) to bills for treatment (form C-8.1), the carrier raised the issue of whether claimant had violated Workers' Compensation Law § 114-a. Following the submission of evidence and multiple hearings, the Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that there was insufficient evidence to establish that claimant violated Workers' Compensation Law § 114-a. The carrier subsequently filed an application for review by the Workers' Compensation Board (form RB-89) challenging the WCLJ's decision. In a March 2019 decision, the Board denied the carrier's application for Board review, finding that the application was not filled out completely as required by 12 NYCRR 300.13 (b). The carrier appeals.
As an initial matter, the carrier argues that the Board was required to address the merits of its application for Board review pursuant to Workers' Compensation Law § 23 notwithstanding the Board's finding that the carrier's application for Board review failed to comply with the rules governing the content of such applications. It is well settled that the Board has the "authority to adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law" and that the Chair of the Board may "make reasonable regulations consistent with the provisions of the statutory framework" (Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, 1123 [2020] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 117 [1]; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574 [2018]). To this end, the Board's regulations provide that "an application to the Board for administrative review of a [WCLJ's] decision . . . shall be in the format as prescribed by the Chair," and such application "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Simon v Mehadrin Prime, 184 AD3d 927, 928 [2020]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]). Inasmuch as we have "previously reviewed the many reasons identified by the Board for the format rules and regulations, including the requirement that applications be filled out completely, and found that the requirements are reasonable" (Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019]; see Matter of Perry v Main Bros Oil Co., 174 AD3d at 1258-1259; Matter of Jones v Human Resources Admin., 174 AD3d at 1011-1013), we reject the carrier's argument that the Board failed to comply with its obligations under Workers' Compensation Law § 23. That "statutory provision for appeals does not alter the Board's authority to promulgate and enforce reasonable rules and regulations governing applications for Board review" (Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d at 1283; see Workers' Compensation Law § 117 [1]).
Turning to the Board's denial of the carrier's application for Board review (form RB-89), the relevant regulation provides that an "application for administrative review . . . shall specify the issues and grounds for the appeal" (12 NYCRR 300.13 [b] [2] [i]) and "shall specify the objection or exception that was interposed to the ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]; see Matter of Cotter v Town of W. Seneca, 180 AD3d at 1123; Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [2019]). Consistent with the foregoing regulatory provisions, question number 15 on the RB-89 form then in effect — as well as the accompanying instructions to that form — required the carrier to "[s]pecify the objection or exception interposed to the ruling and when it was interposed as required by 12 NYCRR 300.13 (b) (2) (ii)." In response, the carrier, without specifying the exception being referenced, answered, "10/03/2018 hearing on the record. Minutes not transcribed." "By not identifying a specific exception to a finding made by the WCLJ in [its] response to question number 15, [the carrier] failed to completely fill out the application for Board review in violation of the prescribed completion requirements" (Matter of Parrales v New York Popular, Inc., 179 AD3d 1416, 1417 [2020]; see 12 NYCRR 300.13 [b] [1], [2] [ii]; Matter of Sherry v Moncon, Inc., 178 AD3d at 1249). The carrier's reliance on its attached brief and/or its responses to other questions on the application for Board review does not cure the defective response to question number 15 (see Matter of Wanamaker v Staten Is. Zoological Socy., 184 AD3d 925, 927 n [2020]; Matter of Currie v Rist Transp. Ltd., 181 AD3d 1121, 1123 [2020]; Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1198 [2019]). As such, we find that the Board acted within its discretion in denying the carrier's application for Board review, and its decision will not be disturbed (see Matter of Cotter v Town of W. Seneca, 180 AD3d at 1124; Matter of Parrales v New York Popular, Inc., 179 AD3d at 1417; Matter of Jones v Chedeville, Inc., 179 AD3d 1272, 1274 [2020]). To the extent that we have not addressed any of the carrier's remaining contentions, they have been considered and found to be without merit.
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.