Matter of Karwowska v Air Tech Lab, Inc. (2020 NY Slip Op 07633)





Matter of Karwowska v Air Tech Lab, Inc.


2020 NY Slip Op 07633


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

528504 528863 529325

[*1]In the Matter of the Claim of Barbara Karwowska, Appellant,
v
Air Tech Lab, Inc., et al., Respondents. Workers' Compensation Board, Respondent. (Claim No. 1.)
In the Matter of the Claim of Jerzy Maslinski, Appellant,
v
Pal Environmental et al., Respondents. Workers' Compensation Board, Respondent. (Claim No. 2.)
In the Matter of the Claim of Edgar Nemoy, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent. (Claim No. 3.)

Calendar Date: November 20, 2020

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Geoffrey Schotter, New York City, for appellants.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Brian Anson of counsel), for PAL Environmental and another, respondents.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.



Reynolds Fitzgerald, J.
Appeals from an amended decision and two decisions of the Workers' Compensation Board, filed June 24, 2019, September 18, 2018 and February 8, 2019, which ruled that claimants failed to comply with 12 NYCRR 300.13 (b) and denied review of decisions by Workers' Compensation Law Judges.
In these three claims, each claimant sought review of certain findings by a respective Workers' Compensation Law Judge (hereinafter WCLJ) by filing an application for review (RB-89 form) with the Workers' Compensation Board. The Board denied all three applications because claimants' responses to question number 15 on those applications were incomplete. These appeals by claimants ensued.
We affirm. "As we have previously stated, the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks, brackets and citations omitted], lv denied 35 NY3d 909 [2020]; see Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, 1123 [2020]). Those regulations require that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Turcios v NBI Green, LLC, 182 AD3d 964, 965 [2020]; Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1755 [2019]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]). "Where, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review" (Matter of Charfauros v PTM Mgt., 180 AD3d at 1133 [internal quotation marks and citations omitted]; accord Matter of Tineo v M D R J LLC, 184 AD3d 933, 934 [2020]; Matter of Randell v Christie's Inc., 183 AD3d 1057, 1060 [2020]).
At the time the instant applications were filed, the relevant regulation, and the instructions then in effect for the RB-89 forms utilized by claimants, unambiguously required them to "specify the objection or exception that was interposed to the ruling [of the WCLJ], and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]; Workers' Comp Bd RB-89 Instructions [Jan. 2018]; see Matter of Wanamaker v Staten Is. Zoological Socy., 184 AD3d 925, 927 [2020]; Matter of Rzeznik v Town of Warwick, 183 AD3d 998, 999 [2020]; Matter of Currie v Rist Transp. Ltd., 181 AD3d 1121, 1122 [2020]). In all three claims, the responses to question number 15 were deficient as they did not specify the objection or exception. In claim No. 1, the response to question number 15 merely stated that the "objection was made at hearing on 04/17/2018." In claim No. 2, the response to question [*2]number 15 only stated that "[o]bjection [n]oted by claimant at the 5/25/18 hearing." Finally, the response in claim No. 3 was also limited to only identifying when the objection was made, indicating that the "objection was made at the hearing held on 07/11/2018." "By not identifying a specific exception to a finding made by the WCLJ in [their] response[s] to question number 15, claimant[s] failed to completely fill out the application for Board review in violation of the prescribed completion requirements" (Matter of Parrales v New York Popular, Inc., 179 AD3d 1416, 1417 [2020]; see 12 NYCRR 300.13 [b] [1], [2] [ii]; Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [2019]). In light of the foregoing, we find that the Board acted within its discretion in denying claimants' applications for Board review, and the three challenged decisions will not be disturbed (see Matter of Cotter v Town of W. Seneca, 180 AD3d at 1123; Matter of Parrales v New York Popular, Inc., 179 AD3d at 1417; Matter of Jones v Chedeville, Inc., 179 AD3d 1272, 1274 [2020]). Claimants' remaining contentions have been considered and found to be without merit.
Egan Jr., J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the amended decision and the decisions are affirmed, without costs.