Matter of Centeno v Academy Group Props., LLC (2021 NY Slip Op 02205)





Matter of Centeno v Academy Group Props., LLC


2021 NY Slip Op 02205


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

530744
[*1]In the Matter of the Claim of Marvin Centeno, Respondent,
v
Academy Group Properties, LLC, et al., Appellants, and Uninsured Employers' Fund, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:March 18, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Steven G. Legum, Mineola, for appellants.
The Garcia Law Firm, PC, New York City (Robert M. Cohen, Ballston Lake, of counsel), for Marvin Centeno, respondent.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for Uninsured Employers' Fund, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed July 10, 2019, which ruled, among other things, that Academy Group Properties, LLC and Yehuda Amar failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In January 2015, claimant, a New York resident, was injured in a fall from scaffolding while working on renovations to a building located in Connecticut and claimed that he was an employee of either Academy Group Properties, LLC or Yehuda Amar, who had an ownership interest in that company. Claimant filed a claim for workers' compensation benefits, and the Workers' Compensation Board determined that it had jurisdiction over the claim. Following hearings, by decision filed July 3, 2018, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant was an employee of both Amar and Academy Group (hereinafter collectively referred to as the employers), who were uninsured on the day of the accident in violation of Workers' Compensation Law § 50, that the employers were jointly and severally liable for the entire claim, and that an assessment of penalties was warranted against the employers. The employers filed an application for Board review (form RB-89) challenging the finding of an employment relationship. The Board denied review of the application based upon the employers' noncompliance with the requirements governing the content of such applications as set forth in 12 NYCRR 300.13. No appeal was taken therefrom.
At a May 2, 2018 hearing, attorneys for claimant and the Uninsured Employers' Fund (see 12 NYCRR 300.13 [a] [4]) entered into a stipulation regarding claimant's schedule loss of use (hereinafter SLU) (see 12 NYCRR 300.5 [b]). Based thereon, the WCLJ issued a decision filed May 7, 2019 finding that claimant has a 53% SLU of his right foot. The employers, who had not appeared in person or by counsel at that hearing, filed an application for Board review challenging, among other things, the prior determination that they were both claimant's employers at the time of the accident, and alleging that they had not received notice of the May 2, 2018 hearing. The Board denied the employers' application for review, finding, among other things, that the application failed to comply with 12 NYCRR 300.13 (b) and rejected the employers' attempt to relitigate the parties' employment relationship. The employers appeal.
We affirm. The Board's regulations provide that "an application to the Board for administrative review of a [WCLJ's] decision . . . shall be in the format as prescribed by the Chair," and such application "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Simon v Mehadrin Prime, 184 AD3d 927, 928 [2020]). The Board denied review of the WCLJ's SLU decision, finding that the employers' application for review failed to specify, under question number 12, the "issues and grounds" for the appeal relative to the WCLJ's decision [*2]regarding claimant's SLU, as required by 12 NYCRR 300.13 (b) (2) (i) (see Matter of Griego v Mr Bult's, Inc., 188 AD3d 1429, 1431 [2020]). In their answer to question number 12, as the basis for their appeal, the employers raised the issue of the employment relationship and whether Amar was acting solely as an agent of Academy Group. On appeal, they argue that the Board erred when it determined that claimant was an employee of both Amar and Academy Group. However, as the Board correctly held, that determination was previously decided in 2018, when the Board denied review of the WCLJ's decision finding that an employment relationship existed between claimant and both uninsured employers. No appeal was taken from that Board decision (see Workers' Compensation Law § 23), and the employers did not apply to reopen that decision (see 12 NYCRR 300.14) or for full Board review (see 12 NYCRR 300.13 [a] [2]). Although the Board has continuing jurisdiction over each case, and may modify or change an award "as in its opinion may be just" (Workers' Compensation Law § 123), the Board, in its discretion, declined to entertain the employers' attempt to relitigate this issue based, in part, on the deficiencies in their application for review. We do not find that the Board acted in an arbitrary or capricious manner in refusing to revisit this issue (see Workers' Compensation Law § 123; Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 751 [1995]; Matter of Hale v Rochester Tel. Corp., 182 AD3d 961, 963 [2020]).
The employers also asserted a due process claim in their response to question number 12 on their RB-89 form, alleging that neither they nor their counsel had received notice of the May 2, 2019 hearing that preceded the WCLJ's SLU decision. The Board found that the notice regarding that hearing was sent on April 9, 2019 to, among others, the employers and their counsel at their documented addresses (see 12 NYCRR 300.8).[FN1] The employers did not — in or with their application for review to the Board — submit an affidavit or supportive documentation demonstrating lack of timely hearing notice or noncompliance with 12 NYCRR 300.8. Further, the answer to question number 12 contained no reference or challenge to the underlying merits of the SLU determination for which the employers sought review (see Matter of Turcios v NBI Green, LLC, 182 AD3d 964, 965 [2020]). Accordingly, the Board acted within its discretion in denying the application for review (see id. at 965-966).
In denying review, the Board also relied on the employers' failure, under question number 15 on form RB-89, to "specify the objection or exception that was interposed to the [SLU] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]; see Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, 1123 [2020]). Question number 15 required the employers to "[s]pecify both the objection or exception interposed to the ruling AND the date when it [*3]was interposed" (emphasis added), and the accompanying instructions contain a similar directive (see Workers' Comp Bd RB—89 Instructions [Nov. 2018]; 12 NYCRR 300.13 [b] [2] [ii]). In their answer to question number 15, the employers did not mention the SLU ruling, and failed to specify a date when an objection was raised to the SLU settlement or indicate that they were unable to register an objection thereto at the hearing based on lack of notice; they provided no dates in their response. "[T]he fact that the date of the hearing at which the objection or exception [could have been] interposed appeared elsewhere on the application did not obviate the requirement for [the employers] to provide a complete response to question number 15, as the Board was not required to deduce when such objection or exception [could have been] interposed" (Matter of Shumway v Hudson City Sch. Dist., 187 AD3d 1299, 1301 [2020] [internal quotation marks, brackets and citation omitted]; see Matter of Griego v Mr Bult's, Inc., 188 AD3d at 1431; Matter of Wanamaker v Staten Is. Zoological Socy., 184 AD3d 925, 927 n [2020]; Matter of Rzeznik v Town of Warwick, 183 AD3d 998, 1000 [2020], lv dismissed ___ NY3d ___ [Mar. 30, 2021]). Rather than addressing, in their answer to question number 15, the SLU issue and the claimed lack of hearing notice, the employers argued the employment relationship issue, indicating that it had been raised "[t]hroughout all phases of the proceedings."[FN2] More to the point, the employers did not — in their form RB-89 or on appeal — challenge any substantive aspect of the SLU determination.
Accordingly, we discern no abuse of discretion in the Board's determination to deny review based upon its conclusion that the application was incomplete (see Matter of Haner v Niagara County Sheriff's Dept., 188 AD3d 1432, 1434 [2020]; Matter of Griego v Mr Bult's, Inc., 188 AD3d at 1431-1432; Matter of DeMarco v Trans Care Ambulance, 186 AD3d 1768, 1769-1770 [2020]; Matter of Wanamaker v Staten Is. Zoological Socy., 184 AD3d at 927; Matter of Perry v All Am. Sch. Bus Corp., 181 AD3d 1113, 1115 [2020]). The employers' remaining contentions, to the extent not specifically addressed, have been considered and found to be lacking in merit.
Garry, P.J., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: We take judicial notice that the hearing notice contained in the addendum to the Attorney General's brief is the document to which the Board referred in its decision, No. 321792712. That document reflects that the notice was sent to Amar at the address he provided at the November 2017 hearing, to Academy Group at an address used by the WCLJ, and to the employers' counsel at the address on the RB-89 forms. The notice sent to one of the employers' counsel was returned as undeliverable for reasons not explained in the record.

Footnote 2: The record likewise does not reflect that the employers moved for a rehearing or reopening of the claim under 12 NYCRR 300.14, to document and address the claimed lack of hearing notice.