Matter of Perry v All Am. Sch. Bus Corp. (2020 NY Slip Op 01869)





Matter of Perry v All Am. Sch. Bus Corp.


2020 NY Slip Op 01869


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

528516

[*1]In the Matter of the Claim of Diane Perry, Claimant,
v
All American School Bus Corp. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 20, 2020

Before: Clark, J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


LOIS LLC, New York City (Jeremy L. Janis of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.



Clark, J.P.
Appeals (1) from a decision of the Workers' Compensation Board, filed July 23, 2018, which ruled that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge, and (2) from an amended decision of said Board, filed February 1, 2019, which, among other things, denied the employer and the carrier's application for reconsideration and/or full Board review.
In the early morning hours of September 18, 2017, claimant, a school bus attendant, was standing on the sidewalk near a busy intersection in Queens waiting for her assigned school bus to pick her up. A serious motor vehicle accident took place in the vicinity of the intersection that resulted in claimant being struck, sustaining multiple injuries. She filed a claim for workers' compensation benefits. Following a March 2018 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie evidence of injuries to claimant's neck and both legs, and continued the case to consider various issues, including compensability and whether claimant's injuries arose from an accident that occurred in the course of her employment. In April 2018, the WCLJ conducted another hearing during which further evidence was adduced on these issues. At the conclusion of the hearing, the WCLJ found that claimant's injuries were the result of an accident occurring in the course of her employment. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) took exception to this finding. Thereafter, the WCLJ issued a decision that incorporated his findings and made awards accordingly.
In May 2018, the carrier filed an application for review (RB-89 form) of the WCLJ's decision by the Workers' Compensation Board. The Board found that the carrier's response to question number 15 was incomplete and did not comply with the requirements of 12 NYCRR 300.13 (b) (1). Consequently, the Board denied the application. Thereafter, the carrier submitted an application for reconsideration and/or full Board review. The Board issued an amended decision denying the application and upholding its prior decision. The carrier appeals from both decisions.[FN1]
We affirm. This Court has recognized that "the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions of [such law]" (Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019] [internal quotation marks and citations omitted]; see Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]). In accordance therewith, the Board has promulgated regulations governing administrative review of WCLJ decisions, which are set forth in 12 NYCRR 300.13. Pursuant to 12 NYCRR 300.13 (b) (1), where, as here, an applicant is represented by counsel, the application for review must be "in the format prescribed by the [C]hair [of the Board]" and "must be filled out completely" (see Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d at 1011; see also Workers' Comp Bd Release Subject No. 046-940 [Apr. 27, 2017]). Significantly, the failure to comply with the Board's formatting and completion requirements may result in the Board exercising its discretion to deny review of the application (see Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]; see also 12 NYCRR 300.13 [b] [4] [i]).
The regulation at issue here provides that "[t]he application for administrative review . . . shall specify the objection or exception that was interposed to the ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]; see Workers' Comp Bd, Instructions for Completing RB-89 [Sept. 2016]). It is incorporated in question number 15 of the application for review, to which the carrier responded, "At hearing." This response is deficient as it did not set forth the substance of the objection or exception as required. It also did not satisfy the temporal requirement, given that there was more than one hearing and that the carrier failed to indicate at which hearing the objection or exception was raised. Although the carrier contends that sufficient specificity is provided by reference to its responses to other questions, this does not remedy its failure to answer question number 15 completely in accordance with the instructions in effect at the time that it filed its application for review (see Workers' Comp Bd. Release Subject No. 046-940 [Apr. 27, 2017]; Workers' Comp Bd, Instructions for Completing RB-89 [Jan. 2018]). Accordingly, given that the carrier did not comply with the requirements set forth in 12 NYCRR 300.13 (b) (2) (ii) in responding to question number 15, we find no abuse of discretion in the Board's denial of its application for administrative review (see 12 NYCRR 300.13 [b] [1], [3] [iii]; [4]; Matter of Cotter v Town of West Seneca, ___ AD3d ___, ___, 2020 NY Slip Op 00898, *2 [2020]; Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249-1250 [2019]).[FN2]
Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision and amended decision are affirmed, without costs.



Footnotes

Footnote 1: As the carrier has not raised any arguments with respect to that part of the Board's amended decision denying its application for reconsideration and/or full Board review, said arguments are deemed abandoned (see Matter of Santangelo v Seaford U.F.S.D., 165 AD3d 1358, 1360 [2018], lv denied 32 NY3d 914 [2019]).

Footnote 2: Although the carrier also argues that the WCLJ erred in finding the claim to be compensable, the underlying merits of the WCLJ's decision are not properly before us (see Matter of Fuller-Astarita v ABA Transp. Holding Co., 176 AD3d 1530, 1530 [2019]).