Matter of Turcios v NBI Green, LLC (2020 NY Slip Op 02518)





Matter of Turcios v NBI Green, LLC


2020 NY Slip Op 02518


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

529183

[*1]In the Matter of the Claim of Wilfredo Turcios, Respondent,
v
NBI Green, LLC, Appellant. Workers' Compensation Board, Respondent.

Calendar Date: March 24, 2020

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.


Law Office of Sean Sabeti, Great Neck (Sean Sabeti of counsel), for appellant.
Letitia James, Attorney General, New York City (Steven Segall of counsel) for Workers' Compensation Board, respondent.



Egan Jr., J.
Appeal from a decision of the Workers' Compensation Board, filed October 26, 2019, which ruled that the employer failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
In February 2017, claimant sustained injuries when he slipped and fell to the ground while shoveling snow for the employer. Claimant subsequently filed a claim for workers' compensation benefits, the employer controverted the claim and hearings ensued. Following the hearings, a Workers' Compensation Law Judge established the claim for a work-related injury to claimant's neck, back and ribs and, among other things, awarded indemnity benefits. The employer subsequently filed an application for review by the Workers' Compensation Board (form RB-89), with an accompanying letter brief, seeking review of the Workers' Compensation Law Judge's decision. The Board subsequently issued a decision denying the employer's application for Board review because it was not filled out completely and, therefore, did not comply with the Board's proscribed formatting requirements. The employer appeals.
We affirm. Pursuant to the Board's regulations, "[u]nless submitted by an unrepresented claimant, an application to the Board for administrative review of a decision by a Workers' Compensation Law Judge shall be in the format as prescribed by the Chair," and such application "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]). As relevant here, "an application for administrative review . . . shall specify the issues and grounds for the appeal" (12 NYCRR 300.13 [b] [2] [i]) and "shall specify the objection or exception that was interposed to the ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]). "The Board may deny an application for review where the party seeking review, other than a claimant who is not represented by counsel, fails to fill out completely the application" (Matter of Perry v Main Bros. Oil Co., 174 AD3d at 1259; see 12 NYCRR 300.13 [b] [4]; Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]).
"Here, [the employer] responded to question number 15 of form RB-89 by leaving that item blank — a response that the Board has long (and consistently) deemed to be unacceptable" (Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1756 [2019] [citations omitted]; see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1283 [2019]; Matter of Perry v Main Bros. Oil Co., 174 AD3d at 1259-1260; Matter of Jones v Human Resources Admin., 174 AD3d at 1013). Further, the employer's response to question number 12 failed to contain any substantive information and only referred to the employer's attached brief. In situations such as this, this Court has also consistently found that the Board acted within its discretionary authority to deny applications for review (see Matter of Angarano v Crucible Materials Corp., 179 AD3d 1277, 1278 [2020]; Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1198 [2019]; Matter of Swiech v City of Lackawanna, 174 AD3d 1001, 1005 [2019]). As such, we find that the Board acted within its discretion in denying the employer's application for Board review, and its decision will not be disturbed (see Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d at 1755-1756; Matter of Presida v Health Quest Sys., Inc., 174 AD3d at 1198). We have considered the employer's remaining contentions which are, in light of our decision, either academic or without merit.
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.