Matter of Fadul v Subcontracting Concepts, LLC (2020 NY Slip Op 02522)





Matter of Fadul v Subcontracting Concepts, LLC


2020 NY Slip Op 02522


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

529658

[*1]In the Matter of the Claim of Camilo Fadul, Claimant,
v
Subcontracting Concepts, LLC, et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: March 24, 2020

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.


Segal McCambridge Singer & Mahoney, Ltd., New York City (Thomas W. Park of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed December 26, 2018, which ruled that the employer, its workers' compensation carrier and the third-party administrator failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In July 2017, claimant, a delivery driver, filed a claim for workers' compensation benefits alleging that, in February 2016, he sustained work-related injuries when he was involved in a motor vehicle accident while delivering blood samples to a lab. The employer, its workers' compensation carrier and the third-party administrator (hereinafter collectively referred to as the carrier) controverted the claim, raising issues of notice, causation and lack of an employment relationship. Following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, established the claim for headaches and chest pain, as well as for work-related injuries to claimant's neck, back, right knee and shoulders. The carrier subsequently filed an application for review by the Workers' Compensation Board (form RB-89) seeking review of the WCLJ's decision. In a December 2018 decision, the Board denied the carrier's application for Board review, finding that the application was not filled out completely as required by 12 NYCRR 300.13 (b) (1). The carrier appeals.
We affirm. Pursuant to the Board's regulations, "[u]nless submitted by an unrepresented claimant, an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair," and such application "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Drescher v Washingtonville Cent. Sch. Dist., 177 AD3d 1225, 1226 [2019]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]). As relevant here, "an application for administrative review . . . shall specify the issues and grounds for the appeal" (12 NYCRR 300.13 [b] [2] [i]) and "shall specify the objection or exception that was interposed to the ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]). Where, as here, "a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny [the] application for review" (Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]; see 12 NYCRR 300.13 [b] [4]; Matter of Perry v Main Bros Oil Co., 174 AD3d at 1259).
When the carrier filed its application for Board review in August 2018, both the relevant version of form RB-89 and the corresponding instructions then in effect required the carrier to "specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]; see Workers' Comp Bd, Instructions for Completing RB-89 [Jan. 2018]). In response to question number 15, the carrier identified two objections to the WCLJ's ruling, thus satisfying the first prong of the regulation. The Board found that there were multiple hearings conducted in this matter, but the carrier's response to question number 15 did not state when such objections or exceptions were interposed. Under these circumstances, we cannot say that the Board abused its discretion in deeming the carrier's response to question number 15 to be incomplete based upon its failure to state when the objections or exceptions were interposed (see Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1134 [2020]; Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, 1124 [2020]). The carrier's remaining contentions, to the extent not specifically addressed, are either academic or have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.