Matter of Randell v Christie's Inc. (2020 NY Slip Op 02838)





Matter of Randell v Christie's Inc.


2020 NY Slip Op 02838


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

528778 528779 528780 528781

[*1]In the Matter of the Claim of Anthony Randell, Claimant,
v
Christie's Inc. et al., Appellants. Workers' Compensation Board, Respondent. (Claim No. 1.)

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Habberfield Kaszycki LLP, Cicero (Rebecca L. Kaszycki of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



Clark, J.
Appeals (1) from two decisions of the Workers' Compensation Board, filed October 30, 2018 and November 7, 2018 (in claim Nos. 1 and 3), which ruled that the employers and their workers' compensation carriers failed to comply with 12 NYCRR 300.13 (b) and denied review of decisions by Workers' Compensation Law Judges, and (2) from two decisions of said Board, filed October 22, 2018 and October 30, 2018 (in claim Nos. 2 and 4), which ruled that the self-insured employers and their third-party administrators failed to comply with 12 NYCRR 300.13 (b) and denied review of decisions by Workers' Compensation Law Judges.
In these four appeals, claimants experienced work-related accidents, and their subsequent claims for workers' compensation benefits were established for various injuries. In claim No. 1 (appeal No. 528778), claimant Anthony Randell raised the issue of causally-related lost time since 2011. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) directed awards at various rates from January 1, 2016 to May 22, 2018, and the employer and its workers' compensation carrier filed an application for review (form RB-89) to the Workers' Compensation Board.
In claim No. 2 (appeal No. 528779), claimant Khente Koram was found to have reached maximum medical improvement, and, following a hearing, a WCLJ, among other things, classified him with a permanent partial disability, found that he was attached to the labor market and set his loss of wage-earning capacity at 50%. The self-insured employer and its third-party administrator subsequently filed an application for Board review (form RB-89) seeking review of the WCLJ's decision.
In claim No. 3 (appeal No. 528780), claimant Zahid Sabanagic claimed that he was entitled to causally-related reduced earnings at a certain rate after January 15, 2018, and, following a hearing on that issue, a WCLJ made continuing payments at a tentative reduced earnings rate and directed the employer and its workers' compensation carrier to audit Sabanagic's payroll and adjust benefits accordingly. The employer and its workers' compensation carrier then filed an application for Board review (form RB-89), arguing that Sabanagic's reduced earnings were not causally related.
In claim No. 4 (appeal No. 528781), the self-insured employer and its third-party administrator raised the issue at a hearing of whether claimant Laurie Egan had violated Workers' Compensation Law § 114-a. Following a hearing at which testimony from Egan and an investigator was received, the WCLJ found that Egan did not, in order to obtain benefits, knowingly make a false statement or representation as to a material fact in violation of Workers' Compensation Law § 114-a. After that decision was issued, the self-insured employer and its third-party administrator filed an application for Board review (form RB-89), challenging the WCLJ's finding that Egan did not violate Workers' Compensation Law § 114-a.
In each of these claims, the Board issued memorandum Board panel decisions denying the subject applications for Board review because the applicants' responses to question number 15 on those applications were incomplete. These consolidated appeals by the employers and their workers' compensation carriers or third-party administrators (hereinafter collectively referred to as the employers) ensued.[FN1]
We affirm. "As we have previously stated, the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks, brackets and citations omitted]; see Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, 1123 [2020]). To that end, the Board's regulations provide that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Jones v Chedeville, Inc., 179 AD3d 1272, 1273 [2020]; Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1755 [2019]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]). "Where, as here, 'a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review'" (Matter of Charfauros v PTM Mgt., 180 AD3d at 1133, quoting Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]; see 12 NYCRR 300.13 [b] [4]; Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]).
At the time that the instant applications for Board review were filed, both the regulation itself, and the former instructions in effect at that time, unambiguously required the employer to "specify the objection or exception that was interposed to the ruling [of the WCLJ], and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]; Workers' Comp Bd RB-89 Instructions [Jan. 2018]; see Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [2019]).[FN2] In claim No. 1, the response to question number 15 specified the objection being raised but only stated, with respect to when that objection was interposed, that it occurred "on the record while awards were being made." In claim No. 2, the response to question number 15 also specified the nature of the objection, but it provided no information regarding when that objection was interposed. Similar to the first claim, claim Nos. 3 and 4 specified the objection that was being raised and both indicated that "an exception [was made] on the record after the [WCLJ]" made the contested finding. Given that the record before us reflects that there were multiple hearings in each of these matters, we cannot say that the Board abused its discretion in deeming the employers' responses to question number 15 to be incomplete based upon the employers' failure to specify when their objections were interposed in order to satisfy the temporal element of the regulation (see Matter of Charfauros v PTM Mgt., 180 AD3d at 1134; Matter of Cotter v Town of W. Seneca, 180 AD3d at 1124; Matter of Jones v Chedeville, Inc., 179 AD3d at 1274). The employers' remaining contentions, to the extent not specifically addressed, have been considered and found to be lacking in merit.
Egan Jr., J.P., Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: While these appeals were pending in this Court, the Board, pursuant to Workers' Compensation Law §§ 123 and 142, amended the October 10, 2018 decision in claim No. 2 (appeal No. 528779). Inasmuch as the amended decision is substantially the same as the original decision, and there being no claim of prejudice, we will exercise our discretion and treat this as a valid appeal from the amended decision (see CPLR 5520 [c]; Matter of James v Home Comfort Assistance, Inc., 179 AD3d 1412, 1413 n [2020]; Matter of Kucuk v Hickey Freeman Co., Inc., 78 AD3d 1259, 1260 n 1 [2010]; compare Matter of Casamento v Rochester-Genesee Regional Transp. Auth., 178 AD3d 1218, 1219 n [2019]).

Footnote 2: Although the November 2018 version of the RB-89 series form and instructions require an applicant to provide the "date" on which the objection or exception was interposed (Workers' Comp Bd RB-89 Instructions [Nov. 2018]; see Matter of Charfauros v PTM Mgt., 180 AD3d at 1133 n 1), the current regulation — as well as the January 2018 version of the RB-89 forms that were utilized in each of these appeals — requires applicants to only specify "when" the objection or exception was interposed (12 NYCRR 300.13 [b] [2] [ii]; Workers' Comp Bd RB-89 Instructions [Jan. 2018]).