Matter of Shumway v Hudson City Sch. Dist. (2020 NY Slip Op 05560)





Matter of Shumway v Hudson City Sch. Dist.


2020 NY Slip Op 05560


Decided on October 8, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 8, 2020

530148

[*1]In the Matter of the Claim of Tiffany Shumway, Appellant,
v
Hudson City School District et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 9, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Kirk & Teff, LLP, Kingston (Rebeccah W. Kane of counsel), for appellant.
Lemire & Higgins, LLC, Malta (George B. Burke III of counsel), for Hudson City School District and another, respondents.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Workers' Compensation Board, respondent.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed March 11, 2019, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant, a teacher, injured her right shoulder while attempting to restrain an unruly student. Although claimant initially was awarded workers' compensation benefits, the employer and its workers' compensation carrier — based upon a prior injury to claimant's shoulder and her disclosures relative thereto — raised the issue of apportionment, as well as a possible violation of Workers' Compensation Law § 114-a. Following various proceedings, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant attempted to minimize the extent of her prior shoulder injury and treatment and, therefore, sustained the asserted violation of Workers' Compensation Law § 114-a and barred claimant from future indemnity benefits. Claimant's subsequent application for review of the WCLJ's decision was denied by the Workers' Compensation Board based upon claimant's failure to provide a complete response to question number 15 of form RB-89. This appeal by claimant ensued.
We affirm. As we have consistently recognized, "the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Randell v Christie's Inc., 183 AD3d 1057, 1059 [2020] [internal quotation marks and citations omitted]; see Matter of Currie v Rist Transp. Ltd., 181 AD3d 1121, 1122 [2020]). Those regulations require, in relevant part, that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Turcios v NBI Green, LLC, 182 AD3d 964, 965 [2020]). "Where, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 909 [2020]; accord Matter of Martinez v New York Produce, 182 AD3d 966, 967 [2020]; see Matter of Narine v Montefiore Med. Ctr., 182 AD3d 670, 671 [2020]).
The relevant regulation, as well as the instructions then in effect for the version of form RB-89 utilized by claimant, unambiguously required claimant to "specify the objection or exception that was interposed to the ruling [of the WCLJ], and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]; Workers' Comp Bd RB-89 Instructions [Jan. 2018]; see Matter of Rzeznik v Town of Warwick, 183 AD3d 998, 999 [2020]; Matter of Currie v Rist Transp. Ltd., 181 AD3d at 1122). In response to question number 15 on the application for Board review, claimant set forth a specific objection but made no mention of when such objection was interposed, stating only that the objection was made in response to the WCLJ's finding that claimant violated Workers' Compensation Law § 114-a. As there is no dispute that there were multiple hearings held in this matter, we cannot say that the Board abused its discretion in deeming claimant's response to be incomplete (see Matter of Randell v Christie's Inc., 183 AD3d at 1060; Matter of Fadul v Subcontracting Concepts, LLC, 182 AD3d 973, 974 [2020]; Matter of Martinez v New York Produce, 182 AD3d at 967). "Further, the fact that the date of the hearing at which the objection or exception was allegedly interposed appeared elsewhere on the application did not obviate the requirement for [claimant] to provide a complete response to question number 15, as the Board was not required to deduce when [such] objection or exception was interposed" (Matter of Rzeznik v Town of Warwick, 183 AD3d at 1000 [citations omitted]; see Matter of Perry v All Am. Sch. Bus Corp., 181 AD3d 1113, 1115 [2020]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.