Matter of McLaughlin v Sahlen Packing Co., Inc. (2021 NY Slip Op 01470)





Matter of McLaughlin v Sahlen Packing Co., Inc.


2021 NY Slip Op 01470


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

531816

[*1]In the Matter of the Claim of Kelly A. McLaughlin, Respondent,
v
Sahlen Packing Co., Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 11, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Goldberg Segalla LLP, Syracuse (Cory A. DeCresenza of counsel), for appellants.
Connors & Ferris, LLP, Buffalo (Kevin Doering of counsel), for Kelly A. McLaughlin, respondent.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed January 14, 2020, which ruled that the employer and its third-party administrator failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
On December 21, 2018, claimant's husband (hereinafter decedent) died following a cardiac arrest that he experienced while at work, and claimant thereafter filed a claim for workers' compensation death benefits. The employer and its third-party administrator (hereinafter collectively referred to as the employer) controverted the claim. A hearing on the death benefits claim ensued, after which a Workers' Compensation Law Judge (hereinafter the WCLJ) determined, among other things, that decedent's death was causally related to his employment and established the claim. On November 6, 2019, the employer filed an application for review (form RB-89) by the Workers' Compensation Board, contending that it had overcome the presumption of Workers' Compensation Law § 21 and that claimant failed to show sufficient evidence that decedent's death was causally related to his employment. The Board denied the application for Board review based upon the employer's failure to provide a complete response to question number 15 on that application. The employer appeals.
We affirm. We have consistently recognized that "the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Randell v Christie's Inc., 183 AD3d 1057, 1059 [2020] [internal quotation marks and citations omitted]; see Matter of Haner v Niagara County Sheriff's Dept., 188 AD3d 1432, 1433 [2020]; Matter of Currie v Rist Transp. Ltd., 181 AD3d 1121, 1122 [2020]). Those regulations require, in relevant part, that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Simon v Mehadrin Prime, 184 AD3d 927, 928 [2020]; Matter of Turcios v NBI Green, LLC, 182 AD3d 964, 965 [2020]). "Where, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 909 [2020]; see 12 NYCRR 300.13 [b] [4]; Matter of Martinez v New York Produce, 182 AD3d 966, 967 [2020]; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]).
At the time that the instant application for Board review was filed, the RB-89 form, as well as the accompanying instructions for that form, unambiguously requested that the applicant specify both "the [*2]objection or exception interposed to the ruling" and "the date when the objection or exception was interposed" (Workers' Comp Bd RB-89 Instructions [Nov. 2018]; see 12 NYCRR 300.13 [b] [2] [ii]). In response to question number 15 on the RB-89 form, the employer stated, "carrier has consistently objected including hearing where claim was established." Assuming for the sake of argument that the employer set forth an adequate objection — that is, the establishment of the claim — the employer's response did not provide the date on which such objection or exception was interposed. As the employer's response was patently defective by not providing the date on which the objection or exception was made, we cannot say that the Board abused its discretion in deeming the employer's response to be incomplete (see Matter of Randell v Christie's Inc., 183 AD3d at 1060; Matter of Fadul v Subcontracting Concepts, LLC, 182 AD3d 973, 974 [2020]; Matter of Martinez v New York Produce, 182 AD3d at 967). Further, the employer's "reliance on its attached brief and/or its responses to other questions on the application for Board review does not cure the defective response to question number 15" (Matter of Griego v Mr Bult's, Inc., 188 AD3d 1429, 1431 [2020]; see Matter of Shumway v Hudson City Sch. Dist., 187 AD3d 1299, 1301 [2020]; Matter of Wanamaker v Staten Is. Zoological Socy., 184 AD3d 925, 927 n [2020]; Matter of Rzeznik v Town of Warwick, 183 AD3d 998, 1000 [2020]). The employer's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the decision is affirmed, without costs.