Matter of Garcia v Cantor (2021 NY Slip Op 06413)





Matter of Garcia v Cantor


2021 NY Slip Op 06413


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

532415
[*1]In the Matter of the Claim of Giovani Garcia, Claimant,
v
Stuart Cantor, Appellant, and Uninsured Employers' Fund, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:October 15, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Joseph C. Stroble, Sayville, for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for Uninsured Employers' Fund, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed June 10, 2020, which ruled, among other things, that the employer failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
In August 2018, claimant, a laborer, was bitten by a snake while picking up leaves for the employer, and claimant's subsequent claim for workers' compensation benefits was controverted. Following a January 2020 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for a work-related injury to claimant's left hand and left wrist, authorized medical treatment and calculated his average weekly wages. The WCLJ also found, among other things, that the employer was uninsured on the day of the accident, in violation of Workers' Compensation Law § 50, and assessed a penalty upon the employer pursuant to Workers' Compensation Law § 26-a. In February 2020, the employer filed an application for review (form RB-89) by the Workers' Compensation Board, contending, among other things, that the WCLJ erred in assessing a penalty against the employer. The Board denied the application for Board review based upon the employer's failure to provide a complete response to question number 15 on that application. The employer appeals.
We affirm. "We have consistently recognized that the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Barber v County of Cortland, 193 AD3d 1202, 1203 [2021] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 117 [1]; Matter of Karwowska v Air Tech Lab, Inc., 189 AD3d 1831, 1832 [2020]; Matter of Shumway v Hudson City Sch. Dist., 187 AD3d 1299, 1300 [2020]). Those regulations require, in relevant part, that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Simon v Mehadrin Prime, 184 AD3d 927, 928 [2020]; Matter of Turcios v NBI Green, LLC, 182 AD3d 964, 965 [2020]). "Where, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 909 [2020]; see 12 NYCRR 300.13 [b] [4]; Matter of Martinez v New York Produce, 182 AD3d 966, 967 [2020]; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574-1575 [2018]).
At the time that the instant application for Board review was filed by the employer, the RB-89 form, as well as the accompanying instructions for that form (see Workers' Compensation Board [*2]RB-89 Instructions [Nov. 2018]), unambiguously requested that the applicant "[s]pecify both the objection or exception interposed to the ruling AND the date when it was interposed as required by 12 NYCRR 300.13 (b) (2) (ii)." In response to question number 15 on the RB-89 form, the employer stated that claimant and his attorney "OBJECTED AND/OR TOOK EXCEPTION TO THE ABOVE PORTION OF THE FINDINGS BOTH ON AND OFF THE RECORD." Even if, for the sake of argument, the employer set forth an adequate objection in its response to question number 15, the employer's response did not provide the date on which such objection or exception was interposed. Given that the record before us reflects, as the Board found, that there were multiple hearings in this matter, "the employer's response was patently defective by not providing the date on which the objection or exception was made," and we therefore cannot say that the Board abused its discretion in deeming the employer's response to be incomplete (Matter of McLaughlin v Sahlen Packing Co., Inc., 192 AD3d 1315, 1316 [2021]; see Matter of Randell v Christie's Inc., 183 AD3d 1057, 1060 [2020]; Matter of Fadul v Subcontracting Concepts, LLC, 182 AD3d 973, 974 [2020]; Matter of Martinez v New York Produce, 182 AD3d at 967). "Further, the fact that the date of the hearing at which the objection or exception was allegedly interposed appeared elsewhere on the application did not obviate the requirement for the employer to provide a complete response to question number 15, as the Board was not required to deduce when the employer's objection or exception was interposed" (Matter of Rzeznik v Town of Warwick, 183 AD3d 998, 1000 [2020], lv dismissed 36 NY3d 1082 [2021] [citations omitted]; see Matter of McLaughlin v Sahlen Packing Co., Inc., 192 AD3d at 1316; Matter of Griego v Mr Bult's, Inc., 188 AD3d 1429, 1431 [2020]; Matter of Shumway v Hudson City Sch. Dist., 187 AD3d at 1301; Matter of Wanamaker v Staten Is. Zoological Socy., 184 AD3d 925, 927 n [2020]). The employer's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.