Matter of Darcy v Brentwood UFSD (2022 NY Slip Op 00928)





Matter of Darcy v Brentwood UFSD


2022 NY Slip Op 00928


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

532944
[*1]In the Matter of the Claim of Stephen Darcy, Claimant,
v
Brentwood UFSD et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 11, 2022

Before:Garry, P.J., Lynch, Pritzker and Colangelo, JJ.

Davis & Morehouse, Hicksville (Christine Morehouse of counsel), for appellants.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), respondent.



Pritzker, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 26, 2020, which ruled that the self-insured employer and its third-party administrator failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge, and (2) from a decision of said Board, filed October 21, 2020, which denied a request by the self-insured employer and its third-party administrator for reconsideration and/or full Board review.
Claimant sustained a work-related injury to his right shoulder and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) awarded benefits, finding, among other things, that claimant had sustained a 60% schedule loss of use of his right arm. The self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) filed an application for review seeking to challenge the WCLJ's decision. The Workers' Compensation Board ultimately denied the employer's application based upon the employer's incomplete response to question number 15 on the underlying RB-89 form. The employer's subsequent application for reconsideration and/or full Board review was denied, prompting these appeals.[FN1]
We affirm. "As we previously have stated, the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Karwowska v Air Tech Lab, Inc., 189 AD3d 1831, 1832 [2020] [internal quotation marks and citations omitted]; see Matter of Barber v County of Cortland, 193 AD3d 1202, 1203 [2021]). Such regulations require, in relevant part, that an application to the Board seeking review of a WCLJ's decision "shall be in the format prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of McLaughlin v Sahlen Packing Co., Inc., 192 AD3d 1315, 1316 [2021]). "Where, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review" (Matter of Charfauros v PTM Mgt., 180 AD3d 1132, 1133 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 909 [2020]; accord Matter of Garcia v Cantor, 199 AD3d 1218, 1219 [2021]).
At the time that the employer filed its application for Board review, both the RB-89 form itself and the accompanying instructions unambiguously required the employer — in the context of question number 15 — to "[s]pecify both the objection or exception interposed to the ruling AND the date when it was interposed as required by 12 NYCRR 300.13 (b) (2) (ii)." In response, the employer stated the basis for its objection but failed to specify the date upon which such objection was made. As the record reflects that hearings were conducted in this matter on two separate [*2]dates, the employer's response failed to "satisfy the temporal element of the regulation by identifying the specific hearing at which the objection was raised" (Matter of Barber v County of Cortland, 193 AD3d at 1203). To the extent that the employer argues that the relevant hearing date could be discerned from either its attached brief or its responses to other questions on the application for review, we have consistently held that the presence of such information does not cure a defective response to question number 15, "as the Board was not required to deduce when the employer's objection or exception was interposed" (Matter of Garcia v Cantor, 199 AD3d at 1220 [internal quotation marks and citations omitted]; see Matter of Centeno v Academy Group Props., LLC, 193 AD3d 1208, 1211 [2021]). As we find that the Board acted within its discretion in denying the employer's application for review, its decision will not be disturbed (see Matter of Griego v Mr Bult's, Inc., 188 AD3d 1429, 1431-1432 [2020]). The employer's remaining arguments, including its assertion that the telecommuting associated with the COVID-19 pandemic was responsible for the "transmission error" in its application for review, have been examined and found to be lacking in merit.
Garry, P.J., Lynch and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: The employer's brief does not address any of the possible grounds upon which an application for reconsideration and/or full Board review may be granted (see Matter of Osorio v TVI Inc., 193 AD3d 1219, 1222 [2021]). Accordingly, we deem the employer's appeal from the Board's October 20, 2020 decision denying its application for reconsideration and/or full Board review to be abandoned (see Matter of Williams v Orange & White Mkts., 198 AD3d 1028, 1030 n 2 [2021]).