Matter of Jones v New York City Tr. Auth. (2022 NY Slip Op 06529)

Matter of Jones v New York City Tr. Auth.

2022 NY Slip Op 06529

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

534984
[*1]In the Matter of the Claim of Juanita Jones, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:October 11, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and Fisher, JJ.

Fusco, Brandenstein & Rada, PC, Woodbury (Jesse Sigismonti of counsel), for appellant.
Jones Jones, LLC, New York City (Rosanna Shamash of counsel), for New York City Transit Authority, respondent.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed June 28, 2021, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by a Workers' Compensation Law Judge.
Claimant, a train conductor for the self-insured employer, sustained work-related injuries to her left wrist in August 2019 and was awarded workers' compensation benefits. The employer later raised the issue of claimant's violation of Workers' Compensation Law § 114-a. Following various proceedings, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had violated Workers' Compensation Law § 114-a by failing to disclose certain work activities and imposed the mandatory penalty rescinding any awards previously paid by the employer from August 16, 2019 to March 1, 2021, as well as a discretionary penalty disqualifying her from receiving future awards with respect to this claim. Thereafter, claimant filed an application for review by the Workers' Compensation Board utilizing form RB-89, challenging the WCLJ's violation determination. Following receipt of the employer's rebuttal, the Board denied claimant's application, finding that she had failed to comply with the requirements of 12 NYCRR 300.13 (b) (1) by properly completing a response to question number 15 on form RB-89. Claimant appeals.
We affirm. "As we have previously stated, the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Karwowska v Air Tech Lab, Inc., 189 AD3d 1831, 1832 [3d Dept 2020] [internal quotation marks and citations omitted]; accord Matter of Darcy v Brentwood UFSD, 202 AD3d 1256, 1256-1257 [3d Dept 2022]). As is pertinent here, the Board's regulations require that an application seeking Board review of a WCLJ's decision "shall be in the format as prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRR 300.13 [b] [1]; see Matter of Belfiore v Penske Logistics LLC, 203 AD3d 1431, 1433 [3d Dept 2022]; Matter of Jones v General Traffic Equip. Corp., 179 AD3d 1427, 1428 [3d Dept 2020]). "Where, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an application for review" (Matter of Garcia v Cantor, 199 AD3d 1218, 1219 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [3d Dept 2019]).
The record reflects that, at the time when claimant filed the application for Board review (form RB-89), the form's instructions explicitly required that an answer to question number 15 "[s]pecify both the objection or exception interposed to the ruling AND the date when it was interposed as required by 12 NYCRR 300.13 (b) (2) (ii)." In response thereto[*2], claimant stated that "[a]n exception to the WCLJ's finding was made at the last hearing held on 01/08/2021." Initially, as noted by the Board, the record indicates that the WCLJ made no relevant rulings as to a Workers' Compensation Law § 114-a violation on the date indicated by claimant. In this regard, claimant concedes that she provided the incorrect hearing date in her answer to question number 15. Although claimant asserts that such error was merely typographical and that an objection was, in fact, made on a different date, we note that there were multiple hearings in this matter and "the Board was not required to deduce when [claimant's] objection or exception was interposed" (Matter of Garcia v Cantor, 199 AD3d at 1220 [internal quotation marks and citations omitted]; accord Matter of Darcy v Brentwood UFSD, 202 AD3d at 1257). Moreover, claimant's application "failed to identify any specific finding made by the WCLJ to which [she] was objecting" (Matter of Sherry v Moncon, Inc., 178 AD3d at 1249). In view of the foregoing, we discern no abuse of discretion in the Board's denial of the application for review based upon claimant's noncompliance with 12 NYCRR 300.13 (b) (2) (ii) (see Matter of Darcy v Brentwood UFSD, 202 AD3d at 1257-1258; Matter of Garcia v Cantor, 199 AD3d at 1220; Matter of Karwowska v Air Tech Lab, Inc., 189 AD3d at 1833; Matter of Griego v Mr Bult's, Inc., 188 AD3d 1429, 1431 [3d Dept 2020]; Matter of Parrales v New York Popular, Inc., 179 AD3d 1416, 1417 [3d Dept 2020]; Matter of Sherry v Moncon, Inc., 178 AD3d at 1249-1250; compare Matter of Jones v General Traffic Equip. Corp., 179 AD3d at 1430).[FN1] Claimant's remaining contentions, to the extent not explicitly addressed herein, have been considered and found to be without merit.
Garry, P.J., Clark, Aarons and Fisher, JJ., concur.
ORDERED that the decision is affirmed, with costs.

Footnotes

Footnote 1: We note that, as referenced by claimant in her brief on appeal, the Legislature recently enacted Workers' Compensation Law § 23-a (1), which provides that "a mistake, omission, defect and/or other irregularity in a [form RB-89] accompanying an application for administrative review or a [form RB 89.2] accompanying an application for full [B]oard review shall not be grounds for denial of said application." Pertinent here, however, the statutory language explicitly provides that this section "shall apply to any and all forms prescribed by the [B]oard with respect to said applications . . . subsequent to the effective date of this section" (Workers' Compensation Law § 23-a [4]). As this statute did not go into effect until December 2021, well after claimant filed her form RB-89, it is not applicable here (see generally People v Galindo, 38 NY3d 199, 207 [2022]).