Matter of Christie v Universal Music Group (2022 NY Slip Op 07125)

Matter of Christie v Universal Music Group

2022 NY Slip Op 07125

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

535356
[*1]In the Matter of the Claim of Jeffrey Christie, Claimant,
v
Universal Music Group et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:November 14, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

The Law Offices of Destin C. Santacrose, Buffalo (Rayna White-Martinez of counsel), for appellants.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for respondent.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed October 5, 2021, which, among other things, ruled that the purported employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
On August 22, 2018, claimant, a full-time tour manager retained by the Universal Music Group (doing business as Def Jam Records), sustained injuries when he was assaulted and shot near Jefferson, Missouri by persons targeting the band that he was managing. His subsequent claim for workers' compensation benefits, alleging an injury to his right leg and posttraumatic stress disorder, was controverted by the purported employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier), who alleged, among other reasons, that claimant was an independent contractor and not an employee at the time of the alleged work-related accident. In a February 2021 decision, a Workers' Compensation Law Judge (hereinafter WCLJ) found that prima facie medical evidence existed for work-related injuries to claimant's back, right knee and right ankle/foot and continued the case. Following further development of the administrative record and hearings, a WCLJ found, among other things, that claimant was an employee at the time of the alleged accident. On July 13, 2021, the carrier filed an application for review by the Workers' Compensation Board (form RB-89), challenging the WCLJ's finding that claimant was an employee at the time of the accident. In an October 2021 decision, the Board denied the carrier's application for Board review, finding that the carrier's response to question number 15 failed to specify an objection or exception to the decision of the WCLJ and that the application was therefore not filled out completely, as required by 12 NYCRR 300.13 (b). The carrier appeals.
We affirm. "As we have previously stated, the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Karwowska v Air Tech Lab, Inc., 189 AD3d 1831, 1832 [3d Dept 2020] [internal quotation marks and citations omitted]; accord Matter of Darcy v Brentwood UFSD, 202 AD3d 1256, 1256-1257 [3d Dept 2022]). As is pertinent here, the Board's regulations require that an application seeking Board review of a WCLJ's decision "shall be in the format prescribed by the Chair [and] . . . must be filled out completely" (12 NYCRRR 300.13 [b] [1]; see Matter of Belfiore v Penske Logistics LLC, 203 AD3d 1431, 1433 [3d Dept 2022]; Matter of Jones v General Traffic Equip. Corp., 179 AD3d 1427, 1428 [3d Dept 2020]). "Where, as here, a party who is represented by counsel fails to comply with the formatting, completion and service submission requirements set forth by the Board, the Board may, in its discretion, deny an [*2]application for review" (Matter of Garcia v Cantor, 199 AD3d 1218, 1219-1220 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [3d Dept 2019]).[FN1]
On the carrier's July 13, 2021 application for Board review (form RB-89, revised Nov. 2018), question number 15 required that the carrier "[s]pecify both the objection or exception interposed to the ruling AND the date when it was interposed as required by 12 NYCRR 300.13 (b) (2) (ii)." In response, the carrier answered, "Carrier noted an exception to the Law Judge's finding at the hearing held on June 14, 2021," without specifying the exception being referenced. "By not identifying a specific exception to a finding made by the WCLJ in [its] response to question number 15, [the carrier] failed to completely fill out the application for Board review in violation of the prescribed completion requirements" (Matter of Parrales v New York Popular, Inc., 179 AD3d 1416, 1417 [3d Dept 2020] [citations omitted]; accord Matter of Griego v Mr Bult's, Inc., 188 AD3d 1429, 1431 [3d Dept 2020]; see 12 NYCRR 300.13 [b] [1], [2] [ii]; Matter of Karwowska v Air Tech Lab, Inc., 189 AD3d at 1833). Moreover, the carrier's defective response to question number 15 is not cured by its attached brief and/or its responses to other questions on the application for Board review (see Matter of Griego v Mr Bult's, Inc., 188 AD3d at 1431; Matter of Perry v All Am. Sch. Bus Corp., 181 AD3d 1113, 1115 [3d Dept 2020]; Matter of Cotter v Town of W. Seneca, 180 AD3d 1122, 1124 [3d Dept 2020]; but cf. Matter of Narine v Montefiore Med. Ctr., 182 AD3d 670, 671-672 [3d Dept 2020]). Accordingly, we find that the Board acted within its discretion in denying claimant's application for Board review, and its decision will not be disturbed. To the extent that we have not addressed any of the carrier's remaining contentions that are properly before us, they are either academic in light of our decision or have been considered and found to be without merit.
Clark, Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: We recognize that the Legislature recently enacted Workers' Compensation Law § 23-a (1), which provides that "a mistake, omission, defect and/or other irregularity in a [form RB-89] accompanying an application for administrative review or a [form RB 89.2] accompanying an application for full [B]oard review shall not be grounds for denial of said application." This newly enacted provision, however, explicitly provides that it "shall apply to any and all forms prescribed by the [B]oard with respect to said applications . . . subsequent to the effective date of this section" (Workers' Compensation Law § 23-a [4]). As Workers' Compensation Law § 23-a did not go into effect until December 22, 2021 (L 2021, ch 718, §§ 1-2), this statute does not apply here (see Matter of Jones v New York City Tr. Auth., ___ AD3d ___, ___, 2022 NY Slip Op 06529, *2 n [3d Dept 2022]; see generally People v Galindo, 38 NY3d 199, 207 [2022]).