Matter of Ryba v Russell (2023 NY Slip Op 02162)

Matter of Ryba v Russell

2023 NY Slip Op 02162

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

535751
[*1]In the Matter of the Claim of Paul Ryba, Claimant,
v
Ryan E. Russell, Doing Business as Ryan's Home Improvements, Appellant, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 28, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Stockton, Barker & Mead, LLP, Troy (Matthew R. Mead of counsel), for appellant.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.

Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed November 23, 2021, which ruled, among other things, that Ryan's Home Improvements failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In 2019, Ryan E. Russell, doing business as Ryan's Home Improvements (hereinafter RHI), contracted with a homeowner to repair a roof. RHI, in turn, subcontracted with Buczkowski Builders LLC, for whom claimant worked, to do the work. While working on the project, claimant slipped and fell off the roof and sustained injuries, prompting him to file a claim for workers' compensation benefits.
Following an investigation to verify the proper employer, a Workers' Compensation Board investigator filed a C-49.2 enforcement unit report concluding, among other things, that neither RHI nor Buczkowski carried workers' compensation insurance. A hearing ensued, after which a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for injuries to claimant's left arm, left leg and low back and found that Buczkowski was the proper employer. The WCLJ further found that, because Buczkowski did not have workers' compensation coverage at the time of the accident, RHI was liable for the claim pursuant to Workers' Compensation Law § 56, despite also being uninsured at the time of the accident.
As is relevant to this appeal, RHI filed an RB-89 application for review, asserting that it was not liable for the claim because, as an uninsured general contractor, Workers' Compensation Law § 56 was inapplicable as such statute only applies to insured general contractors. The Workers' Compensation Board, among other things, denied RHI's application for review determining that RHI failed to provide a complete response to question number 13 on the RB-89 application. RHI appeals.
RHI primarily contends that the Board abused its discretion in finding RHI's response to question number 13 to be incomplete because the only issue raised in its RB-89 application was a question of law — whether Workers' Compensation Law § 56 is applicable to uninsured employers — and, therefore, the only relevant information consists of the hearing and the decision of the WCLJ, which were listed in response to question number 13. We disagree. We have repeatedly noted that "the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions thereof" (Matter of Christie v Universal Music Group, 211 AD3d 1305, 1305 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Jones v New York City Tr. Auth., 210 AD3d 1267, 1268 [3d Dept 2022]). Those regulations provide, in relevant part, that "an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair . . . [and] must be filled out completely" (12 [*2]NYCRR 300.13 [b] [1]; see Matter of Boehm v Town of Greece, 196 AD3d 947, 948 [3d Dept 2021]). "The Board may deny an application for review where the party seeking review, other than a claimant who is not represented by counsel, fails to fill out completely the application" (Matter of Drescher v Washingtonville Cent. Sch. Dist., 177 AD3d 1225, 1227 [3d Dept 2019] [internal quotation marks and citations omitted]).[FN1]
The Board's instructions for completing the RB-89 application with respect to question number 13 that were in effect at the time RHI filed its application for Board review required the applicant to, among other things, identify "the transcripts, documents, reports, exhibits, and other evidence in the Board's file that are relevant to the issues and grounds being raised for review. If minutes are not transcribed, so indicate" (Workers' Comp Bd, Instructions for Completing RB-89 [Nov. 2018]). In response to question number 13, RHI referenced only the hearing and the decision of the WCLJ. The Board found such response incomplete as RHI did not list "other documents, hearing minutes or decisions," specifically noting the absence of the C-49.2 enforcement unit report regarding workers' compensation coverage. Although RHI contends that it does not dispute that it was uninsured at the time of the accident, the information pertaining to RHI's status as uninsured as set forth in the C-49.2 enforcement unit report is nevertheless "relevant" to the issue raised (Workers' Comp Bd, Instructions for Completing RB-89 [Nov. 2018]). Furthermore, RHI did not reference the transcribed hearing minutes or, per the instructions, indicate that such minutes were not transcribed. As RHI did not comply with the prescribed formatting and completion requirements, we find no abuse of discretion in the Board concluding that RHI's response to question number 13 was incomplete and, as such, its denial of RHI's application for Board review will not be disturbed (see 12 NYCRR 300.13 [b] [1]; Matter of Boehm v Town of Greece, 196 AD3d at 948-949).The merits of the issue raised in RHI's RB-89 application for Board review are not properly before this Court.
Garry, P.J., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: As we have previously noted, and as is referenced by the Board in its brief, the Legislature recently enacted Workers' Compensation Law § 23-a (1), which provides that "a mistake, omission, defect and/or other irregularity in a [form RB-89] accompanying an application for administrative review or a [form RB-89.2] accompanying an application for full [B]oard review shall not be grounds for denial of said application." This newly enacted provision, however, explicitly provides that it "shall apply to any and all forms prescribed by the [B]oard with respect to said applications . . . subsequent to the effective date of this section" (Workers' Compensation Law § 23-a [4]). As Workers' Compensation Law § 23-a did not go into effect until December 22, 2021 (L 2021, ch 718, §§ 1-2), this statute does not apply here (see Matter of Christie v Universal Music Group, 211 AD3d at 1306 n; Matter of Jones v New York City Tr. Auth., 210 AD3d at 1268-1269 n).